UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SAJJAD NASIR,

                            Plaintiff,

        v.

CHINA UNICOM et al.,

                            Defendants.

CASE NO. 2:26-cv-01853-LK

ORDER OF DISMISSAL

This matter comes before the Court sua sponte. Having reviewed the complaint, the record, and the applicable law, the Court dismisses Plaintiff Sajjad Nasir's complaint without prejudice for failure to state a claim.

## I.    BACKGROUND

Nasir filed this matter on May 26, 2026, Dkt. No. 1, and subsequently paid the filing fee, *see* June 9, 2026 Docket Entry. His complaint asserts that the Court has jurisdiction under 18 U.S.C. § 1595, which provides a civil remedy to victims of forced labor and trafficking. Dkt. No. 3 at 3. Nasir alleges that "[b]etween September 30, 2024, and March 17, 2025, Defendants Equinix Inc., National Australia Bank (NAB), and Australian Super . . . trafficked [him] through a

ORDER OF DISMISSAL - 1

deceptive recruitment scheme," "transporting [him] across international borders" from Australia "to Singapore for the express purpose of forced labor, in direct violation of 18 U.S. Code § 1590." *Id.* at 5. Nasir further alleges that the same three Defendants violated 18 U.S.C. § 1592 when they "knowingly manufactured false corporate organizational identities, [his] personnel identities and synthetic compliance profiles to conceal the true operational footprint, data routing networks, and identity of Defendant China Unicom . . . for the explicit furtherance of trafficking, peonage, slavery, involuntary servitude, and forced labor." *Id.*

Next, Nasir contends that Defendants Equinix Inc., National Australia Bank, and Australian Super "violated 18 U.S. Code § 1583 via enticement into involuntary servitude, and violated 18 U.S. Code § 1592 by exploiting [his] personal banking records," and also forced him to perform manual labor. *Id.* Finally, Nasir contends that "[b]etween March 20, 2025, and June 6, 2025, the Defendants GIO, Dr. Ashish Diwan, and Synergy Radiology" violated Section 1593A by, among other things, falsifying medical records to "further the exploitation and exploitation scheme of defendant[] China Unicom[.]" *Id.* Nasir alleges that he has incurred more than $75,000 in damages because Defendants "engaged in a coordinated transnational trafficking and forced labor scheme that resulted in severe, permanent physical spinal injuries, the complete financial interception and conversion of [his] Total and Permanent Disability (TPD) insurance assets, and ongoing pecuniary and economic harm." *Id.* at 4.

Nasir has also filed a motion to appoint counsel, Dkt. No. 7, and a motion to transfer the case to the Southern District of New York, Dkt. No. 11. Defendants have not yet appeared.

## II.   DISCUSSION

### A.   The Statutory Framework

"The Victims of Trafficking and Violence Protection Act of 2000 ("VTVPA"), Pub. L. 106-386, 114 Stat. 1464 (2000), made it illegal for a person to knowingly provide or obtain forced

labor." *Ratha v. Rubicon Res., LLC*, 168 F.4th 541, 554 (9th Cir. 2026) ("*Ratha III*"). Congress passed amendments to the VTVPA in 2003 and 2008 to provide for and then expand civil liability against perpetrators who violate the statute. 18 U.S.C. § 1595; *Ratha III*, 168 F.4th at 554 ("Congress made clear in the 2008 version of § 1595(a) that <u>any</u> violation of the human-trafficking chapter would give rise to civil liability.").

Section 1595 imposes liability on the "perpetrator" of an offense, as well as anyone who "knowingly benefits, or attempts or conspires to benefit, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter." 18 U.S.C. § 1595(a); *see also Doe v. WebGroup Czech Republic, a.s*., 93 F.4th 442, 449 (9th Cir. 2024), *overruled in part on other grounds by Briskin v. Shopify, Inc.*, 135 F.4th 739 (9th Cir. 2025).[1]

The 2008 amendment to the VTVPA specifically addressed overseas application of the statute. Section 1596 is titled "Additional jurisdiction in certain trafficking offenses" and provides, in relevant part:

> In addition to any domestic or extra-territorial jurisdiction otherwise provided by law, the courts of the United States have extra-territorial jurisdiction over any offense (or any attempt or conspiracy to commit an offense) under section 1581, 1583, 1584, 1589, 1590, or 1591 if—
>
> (1) an alleged offender is a national of the United States or an alien lawfully admitted for permanent residence (as those terms are defined in section 101 of the Immigration and Nationality Act (8 U.S.C. 1101)); or
>
> (2) an alleged offender is present in the United States, irrespective of the nationality of the alleged offender.

18 U.S.C. § 1596(a).

---

[1] Entities—as well as individuals—can be subject to liability under Section 1595, which "provides a private right of action for victims of trafficking against both direct perpetrators ('direct liability') and any individual or entity that financially benefits from trafficking ('beneficiary liability')." *Olive v. Mahboubi-Fardi*, No. 2:23-cv-04370-JAK (Ex), 2025 WL 2946987, at *11 (C.D. Cal. Sept. 11, 2025).

ORDER OF DISMISSAL - 3

**B.     The Complaint Fails to State a Claim and Advances Causes of Action over which the Court Lacks Jurisdiction**

The Court must dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction" over the case. Fed. R. Civ. P. 12(h)(3). In addition, dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs. Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). A pro se plaintiff's complaint is to be construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), but like any other complaint, it must contain factual assertions sufficient to support a facially plausible claim for relief, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In applying these standards, courts "consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007).

Nasir brings claims under Sections 1581, 1583, 1590, 1592, and 1593A of the VTVPA, as amended. Dkt. No. 3 at 3. However, the complaint does not include allegations regarding Section 1581, *id.* at 5, so Nasir has not stated a claim under that section.

"The grant of extraterritorial jurisdiction under Section 1596 of the [V]TVP[]A does not extend to . . . violations of Section 1592 (unlawful conduct with respect to documents in furtherance of trafficking, peonage, slavery, involuntary servitude, or forced labor) and 1593A (benefitting financially from peonage, slavery, and trafficking in persons)[.]" *Ratha v. Phatthana Seafood Co.*, No. CV 16-4271-JFW (ASX), 2017 WL 8292922, at *3 n.3 (C.D. Cal. Dec. 21, 2017) ("*Ratha I*"), *aff'd sub nom. Ratha v. Phatthana Seafood Co.*, 35 F.4th 1159 (9th Cir. 2022) ("*Ratha*

ORDER OF DISMISSAL - 4

*II*"). Nasir's claims against Equinix Inc. (a corporation headquartered in California), National Australia Bank (an Australian company), and Australian Super (another Australian company) under Section 1592 are related to conduct occurring in Australia and/or Singapore. Dkt. No. 3 at 2, 5. The same is true for his claims under Section 1593A against "GIO," Dr. Ashish Diwan, and Synergy Radiology. *Id.* at 5. Because the VTVPA does not provide for extraterritorial jurisdiction over such claims, the claims are dismissed for lack of jurisdiction.[2]

There are jurisdictional problems with Nasir's other claims, too. Specifically, he raises claims under Sections 1583 and 1590 against National Australia Bank and Australian Super entities that are not nationals of the United States or "present in the United States." 18 U.S.C. § 1596(a); *see also Ratha II*, 35 F.4th at 1169 ("The TVPRA, in § 1596, provides for extraterritorial jurisdiction over §§ 1581, 1583, 1584, 1589, 1590, and 1591, when 'an alleged offender is *present in* the United States[.]'" (quoting 18 U.S.C. § 1596(a)(2)). Even assuming without deciding that the statute "requires foreign companies to possess nothing more than minimum contacts with the United States," Nasir has not established that National Australia Bank or Australian Super have sufficient contacts to satisfy that standard. *Ratha II*, 35 F.4th at 1170; *cf. Lewis v. Mutond*, 62 F.4th 587, 593 (D.C. Cir. 2023) (holding that "torture alone of an American abroad, unless directed at

---

[2] Even if the Court had jurisdiction over these claims, they are deficient. Nasire alleges that National Australia Bank and Australian Super violated Section 1592 "by exploiting [his] personal banking records," *id.*, but Section 1592 applies to those who take prohibited actions as to passports, immigration documents, "or any other actual or purported government identification document" belonging to someone else. 18 U.S.C. § 1592(a). Nasir also alleges that Defendants Equinix Inc., National Australia Bank, and Australian Super violated Section 1592 with improper business dealings "to avoid or evade U.S. sanctions," Dkt. No. 3 at 5, but again, he does not tie those allegations to the conduct prohibited by Section 1592.

Nasir further alleges that GIO, Dr. Ashish Diwan, and Synergy Radiology (who are not listed in the "Defendants" section of his complaint, *id.* at 2) falsified medical records and a "workers' insurance certificate" to "mislead the diagnosis and undermine [his] injury" "in order to further the exploitation and exploitation scheme of defendants China Unicom" in violation of Section 1593A. *Id.* Section 1593A provides liability for someone who "knowingly benefits, financially or by receiving anything of value, from participation in a venture which has engaged in any act in violation of this chapter, knowing or in reckless disregard of the fact that the venture has engaged in such violation[.]" Nasir's allegations do not show that GIO, Dr. Ashish Diwan, or Synergy Radiology "benefit[ted]" from the alleged scheme, or that there was an underlying violation of the chapter.

ORDER OF DISMISSAL - 5

the United States, is insufficient to satisfy the usual 'minimum contacts' requirement." (citation modified); *Price v. Socialist People's Libyan Arab Jamahiriya*, 294 F.3d 82, 95 (D.C. Cir. 2002) (even if Libya was a "person" capable of jurisdictional reach under the Fifth Amendment, "torture[] of two American citizens there "would be insufficient to satisfy the usual 'minimum contacts' requirement").

In addition, like his allegations under Sections 1592 and 1593A, Nasir's allegations under Sections 1583 and 1590 are deficient. He contends that Defendants National Australia Bank and Australian Super violated Section 1583 by "enticement into involuntary servitude" without explaining that allegation. Dkt. No. 3 at 5. And his allegations under Section 1590 comprise one sentence asserting that Defendants Equinix Inc., National Australia Bank, and Australian Super "trafficked [him] through a deceptive recruitment scheme initiated at Defendant Equinix Inc.'s physical Australian commercial facility located at 639 Gardeners Road, Sydney, Australia[,] transporting [him] across international borders to Singapore for the express purpose of forced labor, in direct violation of **18 U.S. Code § 1590**." *Id.* Section 1590(a) provides for liability for a perpetrator who "knowingly recruits, harbors, transports, provides, or obtains by any means, any person for labor or services in violation of this chapter[.]" However, Nasir's complaint does not allege sufficient facts to allege a plausible claim on this issue.

Nasir further contends that Defendant China Unicom "held [him] in a state of physical captivity, transporting [him] on a covered van floor to and from its operational facilities to perform forced manual labor involving heavy IT hardware, directly causing [him] to suffer severe, permanent acute physical spinal trauma." *Id.* However, he does not tie that allegation to any date, location, or statutory provision.

In sum, most of Nasir's causes of action do not fall within the Court's jurisdiction, and the vague allegations in the complaint, Dkt. No. 3 at 5, do not meet the "minimum threshold" to

ORDER OF DISMISSAL - 6

provide Defendants with notice of what they allegedly did wrong. *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995). The complaint fails to plead sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and state a plausible claim. *Iqbal*, 556 U.S. at 678. The complaint therefore fails to state a claim and is subject to dismissal on that basis.[3]

**C.      Leave to Amend**

Rule 15(a)(2) directs district courts to "freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). As the language of the rule suggests, the standard for leave to amend is "very liberal." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). This is because "the underlying purpose of Rule 15" is "to facilitate [a] decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (citation modified). Still, courts can deny leave to amend if amendment would be futile. *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013). Although the Court doubts that amendment can cure the deficiencies here, it nevertheless grants leave to file an amended complaint. However, this Order limits Nasir to the filing of an amended complaint that attempts to cure the specific deficiencies identified in this Order.

The filing of an amended complaint will supersede all previous complaints, so Nasir should ensure that an amended complaint contains all intended allegations. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (noting the "well-established doctrine that an amended pleading supersedes the original pleading"). Any amended complaint must clearly set forth the basis for the Court's jurisdiction and the "who, what, where, when, and why" necessary for the Court and

---

[3] In addition to failing to state a claim, the complaint fails to allege that venue is proper in this district or that the Court has personal jurisdiction over any of the Defendants.

ORDER OF DISMISSAL - 7

Defendants to understand what Nasir is alleging, and against whom. *See* Fed. R. Civ. P. 8(a); *Twombly*, 550 U.S. at 565 n.10. Finally, the Court cautions that "a finding of factual frivolousness is appropriate" when the facts alleged in a complaint "rise to the level of the irrational or the wholly incredible[.]" *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992).

**D.      The Court Denies the Motion to Appoint Counsel**

Nasir requests that the Court appoint him counsel. Dkt. No. 7. He states that he "faces a significant disadvantage" related to his pro se status "as the defendants are large corporations with government-linked Chinese military enterprise connections and coordinated support[.]" *Id.* at 1. He also notes that he is "overseas . . . and unfamiliar with U.S. court systems[.]" *Id.*

There is "no constitutional right to counsel in a civil case." *Adir Int'l, LLC v. Starr Indem. & Liab. Co.*, 994 F.3d 1032, 1038–39 (9th Cir. 2021) (citation modified). And while 28 U.S.C. § 1915(e)(1) vests the Court with discretion to "request" appointment of counsel for litigants proceeding in forma pauperis in "exceptional circumstances," *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004), that statute is inapplicable here because Nasir paid the filing fee, *see Neitzke v. Williams*, 490 U.S. 319, 324 (1989) ("The federal in forma pauperis statute, enacted in 1892 and presently codified as 28 U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access to the federal courts."); *Hanks v. City of Shoreline*, No. 21-CV-00600-LK, 2022 WL 168518, at *1 (W.D. Wash. Jan. 18, 2022) (explaining that Section 1915(e)(1) does not apply to pro se plaintiffs who pay the filing fee).[4]

**E.      The Court Denies the Motion to Transfer**

Nasir asks the Court to transfer this case to the U.S. District Court for the Southern District

---

[4] Even if Section 1915(e)(1) were applicable to this case, "the statute does not actually authorize the court to force a lawyer to take a case." *Sifuentes v. Nautilus, Inc.*, No. C21-5613-JLR, 2022 WL 1014963, at *1 (W.D. Wash. Apr. 5, 2022) ("Nor does the court have staff attorneys standing by to represent pro se litigants."). Nor has Nasir shown exceptional circumstances warranting the appointment of counsel.

ORDER OF DISMISSAL - 8

of New York pursuant to 28 U.S.C. § 1404(a) "in the interest of justice, due to multiple procedural irregularities that have prevented this case from properly activating within the CM/ECF system of the Western District of Washington." Dkt. No. 11 at 1. First, he alleges that the Court did not issue summonses, *id.* at 1–2, but the Court has done so, Dkt. No. 12. Second, he contends that the case is missing a judge assignment, Dkt. No. 11 at 2, but the undersigned has been assigned to this case. Third, he contends that the Court has not yet entered its standing orders, *id.*, but as the case is being dismissed as set forth above, there is no need to do so. Fourth, he contends that there are "duplicate complaint entries" in the docket and "an incorrect IFP deficiency," *id.*, but those docket entries exist because Nasir filed an incomplete application to proceed in forma pauperis. Dkt. Nos. 1, 2. He has since paid the filing fee, mooting that issue. *See* June 9, 2026 Docket Entry.

Setting aside those alleged deficiencies, there is nothing to transfer at this point because the Court has dismissed the complaint. Thus, there is no "civil action" to transfer. 28 U.S.C. § 1404(a).

Finally, "Section 1404 applies only if venue is proper in the transferor court." *Am. Realty Investors, Inc. v. Prime Income Asset Mgmt., LLC*, No. 2:13-cv-00278-APG-CWH, 2013 WL 5947221, at *1 (D. Nev. Nov. 4, 2013). Nasir's motion does not demonstrate that venue would be proper in the Southern District of New York either. *See generally* Dkt. No. 11. Accordingly, the Court denies his motion to transfer under Section 1404(a).

### III.  CONCLUSION

For the foregoing reasons, the Court DISMISSES Nasir's complaint, Dkt. No. 3, without prejudice, and DENIES his motions to appoint counsel and transfer the case, Dkt. Nos. 7, 11.

Dated this 25th day of June, 2026.

Lauren King
United States District Judge

ORDER OF DISMISSAL - 9