**Form 24. Motion for Appointment of Counsel**

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form24instructions.pdf*

**9th Cir. Case Number(s)**

**Case Name** | Nasir v. China Unicom

**Lower Court or Agency Case Number** | 2:26-cv-01853-LK

1. My name is | Sajjad Nasir

2. I am asking the court to appoint an attorney to help me with this case.

3. My fee status is as follows *(select one)*:

   ○ The district court or this court granted my motion to proceed in forma pauperis.

   ○ I filed a motion to proceed in forma pauperis but the court has not yet ruled on the motion.

   ⦿ This motion is accompanied by a motion to proceed in forma pauperis.

   ○ I paid the filing fees for this case. However, I cannot afford an attorney for the following reasons:

   Plaintiff's motion for attorney was sabotaged by the Clerk's Office colluding with China Unicom and the Australian Attorney-General's Office.

4. Is this a civil appeal or petition for review?    ○ Yes    ○ No

   If yes, attach an additional page(s) describing the issues on appeal.

My current mailing address

U29 30-44 Railway terrace

City | Granville | State | NS | Zip Code | 2142

Prisoner Inmate or A Number (if applicable)

**Signature** | *Sajjad* | **Date** | Jun 27, 2026

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**ATTACHMENT TO FORM 24: ISSUES ON APPEAL**

Appellant Sajjad Nasir respectfully submits that the appointment of counsel is exceptionally warranted in this complex transnational appeal under the Trafficking Victims Protection Reauthorization Act (TVPRA), 18 U.S.C. § 1595. The primary issues on appeal present critical legal errors committed by the District Court:

1. **Erroneous Jurisdictional Omission of a Domestic Multinational Core Corporate Citizen**: The District Court committed a reversible legal error by dismissing the action for "lack of jurisdiction" under an extraterritorial theory. The Court explicitly recognized that Defendant Equinix Inc. is an American corporation headquartered in California, yet completely failed to apply domestic corporate personal jurisdiction principles.

2. **Failure to Recognize United States Jurisdictional Corporate Anchors:** The Court erroneously treated the transnational enterprise as purely external to the United States, disregarding the active domestic corporate presence of the named defendants inside U.S. jurisdiction, including California-incorporated China Unicom (Americas) Operations Limited, National Australia Bank's active operational branch in New York, and AustralianSuper's formal registration with the U.S. Securities and Exchange Commission (SEC).

3. **Deliberate Obstruction, Sabotage, and Procedural Non-compliance:** The lower court administration manufactured an artificial environment of procedural non-compliance. By creating administrative blocks and blocking necessary filings, the system sabotaged the pro se litigant's ability to maintain standard compliance with federal rules .

4. **Coordinated Interference by the Defendants:** The multinational defendants, working in tandem with foreign state legal offices, engaged in active extraterritorial interference to evade U.S. federal dockets . Managing complex international law networks against aggressive corporate interference is impossible without formal legal representation

5. **S**abotage of Counsel Motion by Clerk's Office:** Plaintiff's initial motion for appointment of counsel was administratively blocked and undermined. The Clerk's Office, acting under structural pressure and in collusion with the positions of China Unicom and the Australian Attorney-General's Office, restricted case progression and rushed a sua sponte dismissal in just 16 days. This administrative sabotage completely denied Plaintiff a fair opportunity to be heard on his need for legal representation

Given the significant cross-border corporate discoveries, complex conflict of laws issues, and the high-stakes nature of a civil TVPRA enforcement claim against globally integrated conglomerates, the interests of justice require the assistance of court-appointed counsel