AO 310  (Rev. 03/16)

Judicial Council of the ⎯⎯⎯ 9th ⎯⎯⎯ Circuit

## COMPLAINT OF JUDICIAL MISCONDUCT OR DISABILITY

To begin the complaint process, complete this form and prepare the brief statement of facts described in item 4 (below).  The RULES FOR JUDICIAL-CONDUCT AND JUDICIAL-DISABILITY PROCEEDINGS, adopted by the Judicial Conference of the United States, contain information on what to include in a complaint (Rule 6), where to file a complaint (Rule 7), and other important matters.  The Rules are available in federal court clerks' offices, on individual federal courts' websites, and on www.uscourts.gov.

Your complaint (this form and the statement of facts) should be typewritten and must be legible.  For the number of copies to file, consult the local rules or clerk's office of the court in which your complaint is required to be filed. Enclose each copy of the complaint in an envelope marked "COMPLAINT OF MISCONDUCT" or "COMPLAINT OF DISABILITY" and submit it to the appropriate clerk of court.  **Do not put the name of any judge on the envelope.**

1.  Name of Complainant:    Sajjad Nasir

    Contact Address:    U29 30-44 railway Terrace Granville 2142 NSW Australia

    Daytime telephone:    (_____)  _____

2.  Name(s) of Judge(s):    Lauren King

    Court:    District Court, W.D. Washington

3.  Does this complaint concern the behavior of the judge(s) in a particular lawsuit or lawsuits?

    ✓ Yes        ☐ No

    If "yes," give the following information about each lawsuit:

    Court:    District Court, W.D. Washington

    Case Number:    Nasir v. China Unicom (2:26-cv-01853)

    Docket number of any appeal to the _____ Circuit: Not provided yet

    Are (were) you a party or lawyer in the lawsuit?

    ✓ Party        ☐ Lawyer        ☐ Neither

    If you are (were) a party and have (had) a lawyer, give the lawyer's name, address, and telephone number:
    Pro see

AO 310  (Rev. 03/16)

Judicial Council of the            9th            Circuit

## COMPLAINT OF JUDICIAL MISCONDUCT OR DISABILITY

4.      **Brief Statement of Facts.**  Attach a brief statement of the specific facts on which the claim of judicial misconduct or disability is based.  Include what happened, when and where it happened, and any information that would help an investigator check the facts.  If the complaint alleges judicial disability, also include any additional facts that form the basis of that allegation.

5.      **Declaration and signature:**

I declare under penalty of perjury that the statements made in this complaint are true and correct to the best of my knowledge.

Signature: _____    Date:    06/27/2026

**Brief Statement of Facts.**

The three distinct sets of facts detailed below collectively demonstrate a continuous pattern of behavior showing that Judge Lauren King, in coordination with the defendants China Unicom and the Australian Attorney-General's Office (representing private defendants National Australia Bank, GIO Insurance, Australian Superannuation Fund Ltd, Dr. Ashish Diwan, and Synergy Radiology) and with the active aid and support of the court staff, orchestrated a hostile environment. This was achieved through the systematic deployment of misleading and false information, distortion of court processes and rules, confidential extrajudicial communications, and manufactured procedural deadlocks spanning from the initial filing of the application on 05/29/2026 until the dismissal order on 06/26/2026. This unified pattern of behavior demonstrates the same malicious intent across three distinct operational events.

1.  **Manufactured Procedural Deadlocks and Its Weaponization via False and Misleading Communication to Create a Hostile Environment, Financial Coercion, and Collusion Accompanying the Filing of the Complaint and Application to Proceed In Forma Pauperis (05/29/2026 to 06/09/2026):**

On 05/29/2026, the court staff sent an official email confirming the filing of the complaint and explicitly stating that the application to proceed without paying the filing fee was pending before the Judge, keeping the Plaintiff restricted from electronic filing access under the guise of administrative review. However, on 06/07/2026, the Plaintiff discovered via an independent PACER Monitor account that the Clerk's Office had provided intentionally false and misleading digital information, as the live database revealed a hidden backend docket entry containing comments from court staff regarding a physical postal order supposedly sent by Judge Lauren King alleging a "defective" application. This contradictory information was deliberately split between a reassuring digital email and a concealed physical channel to intentionally delay the Plaintiff's discovery of the threat, allowing Judge King and the court staff to manufacture a hostile environment under the threat of impending procedural sanctions while keeping the Plaintiff in the dark. These circumstances were calculated to engineer an immediate procedural deadlock where filing fee payments were actively coerced by Judge Lauren King, colluding directly with China Unicom and the Australian Attorney-General's Office to undermine the action from day one — an intent made undeniable when the court staff subsequently went into the system and reversed the initial fee payment on the docket, successfully coercing the Plaintiff into executing the exact same financial transaction twice just to bypass their manufactured block.

2.  **Weaponization of Pro Se Federal Service Rules, Hostility, and Obstruction of Treaty-Mandated Process (06/10/2026 – 06/25/2026):**

Between 06/10/2026 and 06/16/2026, the court staff and the Judge weaponized the federal pro se service rules to systematically obstruct service on all defendants despite the Plaintiff filing the correct summons forms and multiple praecipes under LCR 4(a). The Clerk's Office intentionally withheld the required international Hague Convention service authorizations and refused to issue or sign the mandatory USM-94 forms, ensuring that none of the foreign defendants could achieve proper, court-certified service through the mandatory federal process. This continuous pattern of administrative hostility was used to trap the Plaintiff in an unworkable procedural state, forcing the Plaintiff into filing a Motion to Transfer on 06/15/2026 solely to escape the regional deadlock created by Judge Lauren King and the Clerk's Office. Despite these calculated obstructions, the Plaintiff independently initiated service anyway, capturing physical signatures and formal acknowledgments from multiple foreign defendants between 06/23/2026 and 06/25/2026, successfully bypassing the court's intentional barriers and forcing verified delivery entries onto the public docket.

3.      **Weaponization of the Appeal Process Through Misleading Orders, Fabricated Facts, Procedural Deadlock, and Backend Docket Manipulation Designed to Restrict Access to Appellate Review (06/25/2026 – 06/26/2026)**

On 06/25/2026, immediately after those service confirmations were filed on the live docket, Judge Lauren King abruptly intercepted the action with an immediate sua sponte dismissal order containing highly specific operational layouts and overseas tracking details that the Plaintiff had completely excluded from the complaint or any local filings. The possession of this outside information, combined with the unprecedented speed and strategic timing of the lockout, demonstrates direct, undisclosed communication between the Judge and the defendants to execute a pre-planned dismissal designed to shield the entities the moment service became effective. To finalize this trap, the court instructed the Plaintiff to refile while simultaneously directing the Clerk's office to lock the backend electronic docket interface, making local modifications a technical impossibility and forcing an expensive appeal petition as the sole remaining avenue. When the Plaintiff attempted to correct the record and lodge appellate filings on 06/25/2026 and 06/26/2026, the court staff executed a flurry of backend docket manipulations—striking referral text, changing docket descriptions to falsely indicate the "voluntary withdrawal" of active motions, and executing chaotic cross-referrals of the appellate IFP motion among multiple judges within hours to freeze its activation. The timing, content, and structural distortions surrounding this final lockout reveal a deliberate strategy to weaponize the court's digital infrastructure, obstruct access to the Ninth Circuit, and insulate the defendants from global accountability.