UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SAJJAD NASIR,<br><br>Plaintiff,<br>v.<br><br>CHINA UNICOM et al.,<br><br>Defendants. | CASE NO. 2:26-cv-01853-LK<br><br>ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND REVOKING ELECTRONIC FILING PRIVILEGES |

This matter comes before the Court on Plaintiff Sajjad Nasir's October 29, 2026 filings, Dkt. Nos. 80–85, including a motion for leave to proceed in forma pauperis ("IFP") in his appeal, Dkt. No. 84. For the reasons set forth below, the Court denies Nasir's motion to proceed IFP and revokes his e-filing privileges based on his continued abuse of that privilege.

On June 30, 2026, the Court recounted Nasir's multiple "expletive-laden" emails to the Court's Finance Department, the Court's Orders email box, the New Cases email address for Tacoma cases, and the Questions email box for the Ninth Circuit. Dkt. No. 44 at 1–2. The Court reminded Nasir of "his duty under Local Civil Rule 1(d) to 'be respectful of others'" and stated that the Court "w[ould] not tolerate future filings or emails with any abusive language, including

the type contained in Nasir's June 29, 2026 email to Court staff." *Id.* at 2. The Court also warned Nasir that "[f]urther violations of this Order and/or the applicable rules may result in sanctions, up to and including dismissal with prejudice." *Id.* at 3 (citing *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990); 28 U.S.C. § 1651(a); Local Civil Rule 11(c)(A)).

Despite the Court's warning, Nasir has continued his frivolous and abusive filings and emails to the Court. On July 29, 2026, the Court struck Nasir's second amended complaint because he "did not obtain leave of Court to file a second amended complaint, nor did he comply with the procedural requirements of Local Civil Rule 15(a)." Dkt. No. 53. The Court granted Nasir leave to file an amended complaint within seven days, Dkt. No. 56, but when he failed to do so, the Court closed the case, Dkt. No. 62. Over the ensuing months, Nasir has filed an appeal, Dkt. No. 68, and barraged this Court with motions and other miscellaneous filings, which the Court has stricken as procedurally improper, Dkt. Nos. 64–67, 69–74, 76–79.

Undaunted, Nasir has filed two more motions with this Court to transfer his appeal, Dkt. Nos. 80, 83, even though those motions seek relief from the Ninth Circuit. Indeed, Nasir has filed several motions with the Ninth Circuit to transfer his appeal. *Nasir v. China United Network Comms. Grp. Co., Ltd.*, 26-6831, Dkt. Nos. 3–7 (9th Cir. 2026). Nasir has also filed a motion to appeal in forma pauperis, Dkt. No. 84, which the Court denies because the motion is unsigned and fails to show that Nasir is unable to pay, Fed. R. App. P. 24(a).

Nasir's filings are not only duplicative and frivolous, they are abusive. Without a shred of evidence, he accused the Clerk of the Court of colluding with Defendant to engage in "United States Postal Service *mail fraud and judicial fraud*" in connection with this case. Dkt. No. 80 at 3–4. And he has included publicly visible docket text in three of his most recent filings stating that the Clerk of the Ninth Circuit Court of Appeals, "*is a hooker and prostitute.*" Dkt. Nos. 82, 83, 85. On the same day he filed these documents, Nasir has barraged the Court's e-mail orders box with

17 emails that include obscene remarks about the clerks of the Ninth Circuit Court of Appeals and this Court. Nasir has done this in other federal district courts as well. *See, e.g.*, *Nasir v. China Unicom*, No. 26-CV-606-WMC, 2026 WL 1983392, at *2 (W.D. Wis. July 9, 2026).[1] The Court will not tolerate this abuse of Court personnel (despite a prior warning to stop), the frivolous and repetitive filings, and the waste of judicial resources that takes time away from other litigants. Accordingly, the Court REVOKES Nasir's e-filing privileges in this matter. *Shankar v. Microsoft Corp.*, No. C24-0308-JCC, 2024 WL 4664413, at *1–2 (W.D. Wash. Nov. 4, 2024) (revoking e-filing privileges after pro se plaintiff ignored Court's directives regarding proper filings); *Randazza v. Cox*, No. 2:12-cv-02040-GMN-PAL, 2013 WL 12321957, at *2 (D. Nev. June 13, 2013). Every motion, pleading, or other paper Nasir seeks to file in this case must be physically mailed to the Court in paper format. The Clerk may continue to send orders to Nasir at his email address on file and is not required to mail paper copies to him.

The Court DENIES Nasir's motion to appeal in forma pauperis, Dkt. No. 84, and directs the Clerk to remove his motions at docket entries 80 and 83 from the motions calendar because they do not seek relief from this Court. The Clerk of the Court is DIRECTED to strike further frivolous documents that are filed in this case, and Nasir is advised that the Court will not consider any emails submitted to it; any proposed order must be filed on the docket.

Dated this 29th day of October, 2026.

Lauren King
United States District Judge

[1] As the Wisconsin court noted, Nasir "has been branded a vexatious litigant by the Federal Court of Australia for, among other things, frequently instituting or conducting vexatious proceedings in the Australian courts, as well as bombarding the court and the Registry with 'scandalous' emails in addition to other inappropriate conduct." *Id.* at *2 n.1. His "long series of vexatious disputes" is recounted in *Nasir v The Federal Court of Australia & Ors*, [2025] HCASJ 21 (High Court of Australia Aug. 6, 2025), *available at* https://tinyurl.com/3rnry3wv.